UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

LORI LYNN W.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

NO. 1:17-CV-3157-TOR

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 19; 20. These matters were submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 19) is **DENIED** and Defendant's Motion for Summary Judgment (ECF No. 20) is **GRANTED**.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the

ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable

of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 CFR § 404.1560(c); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

//

//

# ALJ FINDINGS

Plaintiff filed an application for Disability Insurance Benefits on February 25, 2014, alleging a disability onset date of April 1, 2013. Tr. 22. Plaintiff's claims were denied initially and upon reconsideration. *Id.* Plaintiff requested a hearing before an ALJ, which was held on March 21, 2016. *Id.* On April 6, 2016, the ALJ rendered a decision finding Plaintiff was not disabled. Tr. 35.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2013. Tr. 24. At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical and lumbar spine, cocaine abuse, and alcohol abuse." *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 29.

The ALJ then concluded that Plaintiff had the RFC to perform a limited range of light work including the ability to do the following:

> She can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and walk in combination for a total of six hours in an eight-hour workday, and sit for a total of six hours in an eight-hour workday. She can engage in kneeling, crouching, and crawling on an unlimited basis; climbing of ramps and stairs, balancing, and stooping on a frequent basis; and climbing of ropes, ladders, and scaffolds on an occasional basis. She can use her right, dominant upper extremity for front, lateral, and overhead reaching on a frequent but not constant basis. Further, she should avoid concentrated exposure to vibration, as well as to heights, hazards, and heavy equipment.

*Id.* At step four, the ALJ found that Plaintiff performed past relevant work as a phlebotomist and as a hairdresser. Tr. 34. At step five, based on the testimony of a vocational expert and in consideration of Plaintiff's age, education, work experience and RFC, the ALJ concluded Plaintiff was capable of performing past relevant work as a phlebotomist and as a hairdresser. Tr. 34-35. Accordingly, the ALJ found Plaintiff not disabled as defined in the Social Security Act. Tr. 35.

The Appeals Council denied Plaintiff's request for review on July 14, 2017, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-4; 20 C.F.R. § 404.981.

## ISSUES

Plaintiff raises two issues for review:

1. Whether the ALJ erred by improperly rejecting medical source opinions.

2. Whether the ALJ erred by failing to include limitations of mental health. ECF No. 19 at 1. The Court evaluates each issue in turn.

## DISCUSSION

### 1. Medical Source Opinion

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v.*

*Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.* at 1202. In addition, the Commissioner's regulations give more weight to opinions supported by reasoned explanations than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester*, 81 F.3d at 830-31). Regardless of the source, an ALJ need not accept a physician's opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted).

"If there is 'substantial evidence' in the record contradicting the opinion of the treating physician, the opinion of the treating physician is no longer entitled to 'controlling weight.'" *Orn v. Astrue*, 495 F.3d 625, 632 (quoting 20 C.F.R. §

404.1527(d)(2))."An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

Here, the ALJ gave little weight to the opinion of examining psychologist David T. Morgan, Ph.D. Tr. 28. In February 2014, Dr. Morgan conducted a psychological evaluation for the Washington State Department of Social and Health Services (DSHS), opining that Plaintiff's depressive disorder is of moderate severity and that her anxiety disorder is of moderate to marked severity. Tr. 28; 454-64 (Ex. 2F). Dr. Morgan found that these disorders will cause moderate to marked difficulties in basic work activities such as understanding, remembering, and persisting in tasks by following detailed instructions; learning new tasks; performing activities within a schedule and maintaining regular attendance; completing a normal workday and workweek without interruptions from psychologically based symptoms; and maintaining appropriate behavior in a work setting. Tr. 28; 455. Dr. Morgan also assessed a GAF score of 56, indicating overall moderate difficulties in functioning. Tr. 28, 462.

The ALJ noted that although Dr. Morgan had the opportunity to examine Plaintiff, the ALJ accords little weight to Dr. Morgan's opinion given that it is

inconsistent with the results of his contemporaneous mental status examination. Tr. 28. This examination showed that Plaintiff had thought process and content, orientation, perception, fund of knowledge, abstract thought, and insight and judgment all within normal limits, as well as indications of minimal difficulties in terms of memory and concentration. Tr. 28, 456-57. The ALJ found that Dr. Morgan's opinion was also inconsistent with the overall record indicating that Plaintiff's mental health symptoms were largely driven by her substance use and with evidence showing no more than mild limitations in activities of daily living; social functioning; and concentration, persistence, or pace. Tr. 28.

Plaintiff argues that Dr. Morgan's mental status exam revealed deficits in memory and concentration, but the ALJ described these deficits as "minimal difficulties." ECF No. 19 at 10. Plaintiff insists that the ALJ is not qualified to reinterpret the doctor's results. *Id.* Plaintiff contends that the ALJ does not specify which part of the "overall record" indicates her mental health impairments were a product of her substance abuse. ECF Nos. 19 at 10-11; 21 at 5. Plaintiff emphasizes that Dr. Morgan offered no opinion regarding whether activities of daily life were impaired, and there is then no contradiction because there is nothing to contradict. ECF No. 19 at 11. In regard to social functioning, Plaintiff asserts there is no inconsistency between Plaintiff's ability to function for a small fraction of the day and the moderate-to-marked impairments noted by Dr. Morgan. *Id.* at 12. Regarding

concentration, persistence, and pace, Plaintiff argues that her work is only a couple of hours a day, which is not long enough to demonstrate capacity for full-time work. *Id.* at 12-13. She insists that her hobby activities do not translate to a capacity for work. *Id.* at 13. Plaintiff concludes that an ALJ who properly credited Dr. Morgan's opinion would have found Plaintiff disabled at step three. *Id.* at 14.

The Commissioner argues that the "specific and legitimate" standard applies because Dr. Morgan's opinion is contradicted by the State agency doctors, Cynthia Collingwood, Ph.D. and Eugene Kester, M.D. ECF No. 20 at 5. The Commissioner asserts that the ALJ's reasons are sufficient under either standard. *Id.* The Commissioner contends that while Plaintiff provides an alternate interpretation of the evidence, it is insufficient to justify overturning the ALJ's decision because there is substantial evidence to support the interpretation of the medical evidence that the ALJ provided. *Id.* at 8.

As an initial matter, the Court analyzes the ALJ's decision under the "clear and convincing" standard, as the ALJ argued that Dr. Morgan's opinion was contradicted by his own findings and that his opinion was inconsistent with the overall record. The ALJ did not assert that Dr. Morgan's opinion was contradicted by another physician, and thus the "specific and legitimate" standard is not applicable. Regardless, the Court finds that the ALJ did not err under either standard.

The Court finds that the ALJ properly weighed the opinion of Dr. Morgan. "[T]he more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion." 20 C.F.R. § 416.927(c)(4). The ALJ then properly gave Dr. Morgan's medical opinion less weight because the opinion conflicted with the record and his own exam. Dr. Morgan's exam showed Plaintiff had normal speech, cooperative attitude and behavior, and normal affect. Tr. 26, 456 (Ex. 2F). The ALJ considered that Plaintiff had thought process and content, orientation, perception, fund of knowledge, abstract thought, and insight and judgment all within normal limits. Tr. 26, 457. The ALJ acknowledged that Plaintiff had memory and concentration outside of normal limits. Tr. 26, 457. Yet, the ALJ reasoned that Plaintiff appeared to have either done reasonably well on testing or to have been administered testing that was not comprehensive in nature. The ALJ emphasized that the only comments listed were that her immediate memory was challenged, as indicated by inadequate performance on a digit span and although she could spell the word "world" forward, she could not do so backward. Tr. 26, 457.

The ALJ also cited to other parts of the record that conflicted with Dr. Morgan's opinion. The ALJ noted a mental status examination in April 2014, showing good mood with congruent affect, clear and regular speech, clearly presented thoughts with clean association, no abnormal psychotic thinking, good memory and

fund of knowledge. Tr. 26, 555-56 (Ex. 11F). Plaintiff was also oriented to person, place, time, and situation. Tr. 26, 556.

The ALJ found persuasive that when Plaintiff was not engaged in substance abuse, the overall minimum effect of her medically determinable mental impairments of depressive disorder and anxiety disorder were demonstrated by the fact that she continued to engage in part-time, semi-skilled work as an in-home phlebotomist since the alleged onset date. Tr. 26. The ALJ noted that Plaintiff had mild limitation in social functioning because she continues to work, which requires her to visit patients in their homes. Tr. 27. Plaintiff testified that she maintains friendships, goes to church, and attends a Celebrate Recovery group. *Id.* She has also frequently been noted by medical personnel to present as cooperative and/or pleasant throughout the period at issue. Tr. 27, 456, 463 (Ex. 2F), 501, 503 (Ex. 7F), 531 (Ex. 8F), 630, 645, 655 (Ex. 15F). Plaintiff also has mild limitation in concentration, persistence, and pace because her work requires her to print her daily assignments, drive to other people's homes using a GPS device, and then drive blood samples to a local clinic. Tr. 27. She also engages in hobbies, such as crochet. *Id.* The ALJ noted that Plaintiff has not experienced any episodes of decompensation of an extended duration. *Id.*

The Court finds that Plaintiff's argument does not warrant a reversal or remand because it amounts to no more than a dispute about the ALJ's interpretation of the evidence, and "[w]here evidence is susceptible to more than one rational

interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The ALJ provided clear and convincing reasons for giving little weight to Dr. Morgan's opinion, including Dr. Morgan's own examination, an examination in April 2014, the effects of Plaintiff's substance abuse, her work as a phlebotomist, social functioning, concentration, persistence, and pace. The ALJ did not err simply because Plaintiff disagrees with the ALJ's interpretation of Dr. Morgan's opinion. This Court then finds that the ALJ provided a detailed summary of the facts and conflicting evidence, stating his interpretation, and making findings. The Court determines that the ALJ did not err in giving little weight to Dr. Morgan's opinion as he properly analyzed the medical opinion, record, and explained his reasoning.

### 2. Mental Health

Plaintiff argues that the RFC should have included mental limitations. ECF No. 19 at 4. The Commissioner asserts that Plaintiff's argument is essentially an argument that the ALJ erred at step two by finding her mental impairments non-severe and thus the ALJ did not conduct the materiality analysis related to her substance use. ECF No. 20 at 8. The Court declines to address Plaintiff's arguments regarding Dr. Morgan, as the ALJ properly gave little weight to this opinion. *See* EFC No. 19 at 5-6.

In regards to Plaintiff's argument that the ALJ should have conducted a materiality analysis associated with drug and alcohol abuse, this Court finds that the ALJ did not error. *Id.* at 6-8. The Commissioner emphasizes that this analysis is only triggered when there is a prior finding of disability that includes drug and alcohol use. ECF No. 20 at 8-9; *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). The Commissioner notes that no such finding was made in this case. ECF No. 20 at 9. The Commissioner also argues that any alleged error is harmless because the ALJ made alternate findings at step four and five that took into account the mental limitations opined by the state agency psychologists. ECF No. 20 at 9; Tr. 34-35. The ALJ found that even if Plaintiff was limited to simple, routine tasks, and some more complex decisions on a routine basis, she would be able to perform her past relevant work as a phlebotomist. ECF No. 20 at 9; Tr. 34-35. The ALJ also determined that Plaintiff could make a successful adjustment to other work in the national economy. ECF No. 20 at 9; Tr. 35.

Plaintiff responds that the Commissioner misstates the process. ECF No. 21 at 8. Plaintiff argues that where Drug Addiction and Alcoholism ("DAA") is present, it is included among Plaintiff's impairments, and disability is evaluated with DAA included. *Id.* Plaintiff contends that the ALJ excluded mental health as a product of DAA without following the process. *Id.* Plaintiff insists that this is not harmless error because the limitation was never presented to the vocational expert. *Id.*

Pursuant to SSA Regulations, if the ALJ finds a claimant is disabled and there is medical evidence of a drug addiction or alcoholism, the ALJ "must determine whether [the claimant's] drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R § 404.1535(a). Thus, if the ALJ finds there is medical evidence of drug addiction or alcoholism, the ALJ must then consider whether the claimant "would still [be found] disabled if [he or she] stopped using alcohol or drugs." *Bustamante*, 262 F.3d at 955 (quoting 20 C.F.R. § 404.1535). The DAA analysis allows the ALJ to determine which of a claimant's disabling limitations would remain if he or she stopped using drugs or alcohol. *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007). "If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to [her] disability. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied." *Id.* "[T]he claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to [her] disability." *Id.* at 748.

Here, the ALJ found that Plaintiff had the severe impairments of cocaine abuse and alcohol abuse, but not a severe mental impairment. Tr. 29. The ALJ determined that Plaintiff was not disabled. Tr. 35. The ALJ was not required to consider whether Plaintiff would still be found disabled if she stopped using drugs and alcohol because Plaintiff was not disabled. The ALJ need not complete the DAA analysis as there was

no finding of disability. The Court also notes that the ALJ did not exclude mental health as a product of DAA, but merely considered Plaintiff's substance abuse in the context of considering Dr. Morgan's opinion as discussed above.

To the extent Plaintiff is attacking the validity of the ALJ's step two finding, this argument is without merit. The step two inquiry is merely a *de minimis* screening device intended to dispose of groundless claims. *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001). The analysis proceeds to step three, where the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 29. Thus, Plaintiff's claim proceeded past the initial *de minimis* screening at step two.

The ALJ's decision to not classify Plaintiff's mental impairments as severe did not prejudice Plaintiff. The ALJ stated, "[E]ven if the claimant's non-severe mental impairments of depressive disorder and anxiety disorder constituted severe impairments such that she had a more limited residual functional capacity … the vocational expert testified that the claimant would still be capable of performing her past relevant work as a phlebotomist." Tr. 34. The vocational expert also stated that jobs exist in the national economy for an individual with the claimant's age, education, work experience, and this more limited RFC. Tr. 34-35. The Court then finds that even if the ALJ improperly found Plaintiff's mental impairments as non-

severe, this constitutes harmless error as the ALJ and vocational expert still considered more limited mental factors and found Plaintiff not disabled.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 19) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 20) is **GRANTED**.

The District Court Executive is directed to enter this Order, enter **JUDGMENT** for Defendant, furnish copies to counsel, and **CLOSE** the file.

**DATED** August 29, 2018.



THOMAS O. RICE
Chief United States District Judge